UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------- x

BILLY DAVID,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                  Defendants.

---------------------------------------------------------------------------- x

**STIPULATION AND
ORDER OF DISMISSAL**

14 CV 2628 (BMC)

       **WHEREAS,** the parties have reached a settlement agreement and now desire to resolve the remaining issues raised in this litigation, without further proceedings and without admitting any fault or liability;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, that

    1.      The above-referenced action is hereby dismissed with prejudice; and

       **[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

2.      Notwithstanding the dismissal of this action in accordance with this agreement, the District Court shall continue to maintain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement reached between the parties and set forth in the Stipulation of Settlement executed by the parties in this matter.

Reibman & Weiner
*Attorneys for Plaintiff*
26 Court Street, Ste. 1808
Brooklyn, New York 11242

By: _____
Jessica Massimi
*Attorney for Plaintiff*

Dated: New York, New York
        August 6     , 2014

ZACHARY W. CARTER
Corporation Counsel of the
   City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-160
New York, New York 10007

By: _____
Joseph Gutmann
*Assistant Corporation Counsel*

SO ORDERED:   8/6/14

Digitally signed by Brian M. Cogan
_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------- x

BILLY DAVID,

                                             Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER
PHILOGENE BREVILLE (TAX 940974), POLICE
OFFICER QUENTIN SAXON (SHIELD 5172), and POLICE
OFFICER TOMASZ FIL (TAX 945188),

                                             Defendants.
---------------------------------------------------------------------------- x

**STIPULATION OF SETTLEMENT**

14 CV 2628 (BMC)

**WHEREAS,** plaintiff Billy David commenced this action by filing a complaint on or about April 25, 2014 alleging that the defendants violated plaintiff's federal civil and state common law rights; and

**WHEREAS,** defendants City of New York, Police Officer Philogene Breville, Police Officer Quentin Saxon, and Police Officer Tomasz Fil have denied any and all liability arising out of plaintiff's allegations; and

**WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

**WHEREAS,** plaintiff has authorized his counsel, Jessica Massimi, to settle this matter on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1.      The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2" below.

2.      Defendant City of New York hereby agrees to pay plaintiff Billy David the sum of EIGHTEEN THOUSAND ($18,000.00) Dollars in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.  In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.      Plaintiff shall execute and deliver to defendant City of New York's attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit.  A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

4.      Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of

the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

5.      Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.      Plaintiff agrees to hold harmless defendants regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.      This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated:   New York, New York
         August 6th        , 2014

Reibman & Weiner                    ZACHARY W. CARTER
*Attorneys for Plaintiff*            Corporation Counsel of the
26 Court Street, Ste. 1808             City of New York
Brooklyn, New York 11242            *Attorney for Defendants*
                                    100 Church Street, Rm. 3-160
                                    New York, New York 10007

By: _____        By: _____
    Jessica Massimi                     Joseph Gutmann
    *Attorney for Plaintiff*             *Assistant Corporation Counsel*